IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANEA ANDREW and ANTOINNE ANDREW | : | CIVIL ACTION |
| v. | : | |
| IVANHOE FINANCIAL, INC., et al. | : | NO. 07-729 |

### MEMORANDUM RE: MERS MOTION TO DISMISS

**Baylson, J.**                                                                                                  September 28, 2007

      Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Midwest First Financial, Inc., (collectively "Defendant"),[1] filed the instant Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. MERS contends that (a) this Court lacks subject matter jurisdiction over the dispute, and (b) Plaintiffs Danea and Antoinne Andrew ("Plaintiffs," "the Andrews") fail to state a claim in their Complaint for which relief may be granted.

      For the reasons set forth below, Defendant's Motion to Dismiss will be granted without prejudice.

---

[1] As explained by Defendant in its Motion to Dismiss (Doc. 2), MERS is a national clearinghouse for mortgage loans. Under a contract between MERS and its members, MERS serves the mortgagee of record in an administrative capacity, retaining no rights to the payments but retaining the right to act as Plaintiff in a foreclosure action at the request of the member that is the beneficial owner of the loan. MERS and Midwest First Financial, Inc. have such a contract concerning the mortgage in the present case. Thus, while MERS is the record holder of the mortgage in question and serves as the nominee for Midwest First Financial, Midwest First Financial is the beneficial and equitable owner of the loan. As MERS is serving as the nominee for Midwest First Financial, and Midwest First Financial is not a named Defendant in this case, the Court shall refer to both of them collectively as "Defendant."

**I.    Background**

    **A.    Allegations in the Complaint**

Plaintiffs, who are husband and wife, sought to purchase and take a mortgage on a residence at 6636 N. Gratz Street, Philadelphia, Pennsylvania (hereafter, the "Andrew property," "the property"). In their Complaint, Plaintiffs have named six different Defendants. Due to the lack of factual allegations provided by Plaintiffs in the Complaint, it is unclear in exactly what manner the following transactions and relationships progressed. On or about February 22, 2005, Defendants GA Superior Real Holdings, LCC, Brad Bagel and Lee Bagel (collectively "Sellers") sold the property to the Andrews. (Compl. ¶¶ 14-15).[2] Defendant Granite Mortgage Co., Inc. was Plaintiffs' mortgage broker in this transaction ("Broker"), and Defendant Ivanhoe Financial, Inc. acted as the Plaintiffs' initial lender in this transaction. (Compl.¶¶ 13, 16). At some point, Midwest First Financial took over the mortgage from Ivanhoe Financial and is the lender at present. It appears that Plaintiffs made payments on their mortgage on a monthly basis through January 2006.

From February 2006 through August 2006, Plaintiffs failed to make any monthly mortgage payments on the property. On August 18, 2006, Midwest First Financial sent an Act 91 Notice to the Plaintiffs at the property. (Def.'s Mot. to Dismiss (Doc. No. 2), Ex. C). In this Notice, Plaintiffs were informed that the lender (Midwest) was attempting to collect a debt, the mortgage on the Andrews property was in default, and the lender intended to foreclose. The total amount to cure this default was $6,806.74. The Notice explained the procedures of a foreclosure,

---

[2] Defendants GA Superior Real Holdings, LLC, Brad Bagel and Lee Bagel have filed a separate Motion to Dismiss (Doc. No. 16) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

including the manner in which Plaintiffs could cure or dispute the default.[3]  Id.  It is unclear whether Plaintiffs took any steps to cure this default.  Regardless, the debt was not cured.  A civil action to foreclose the mortgage was filed in the Philadelphia County Court of Common Pleas against Plaintiffs on December 20, 2006.  Defendant obtained a judgment in mortgage foreclosure in that Court on February 8, 2007.[4]

Plaintiffs filed this civil action on February 22, 2007.  The Complaint sets forth nine counts.  The only count which cites federal law is a claim pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (Count II).  (Compl. ¶¶ 22-70).  With respect to the other counts, it is unclear exactly which counts Plaintiffs intended against Defendant MERS in particular.  Plaintiffs allege common-law negligence (Count I), common-law fraud (Count III), common-law breach of contract (Count IV), violations of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") (Count V), violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count VI), common-law negligent misrepresentation (Count VII), common-law fraudulent misrepresentation (Count VIII), and a claim for punitive damages (Count IX).  Count I and Counts III through IX do not allege any act or omission by MERS, nor do they allege any federal questions.

---

[3] The Act 91 Notice provides information about the Homeowner's Mortgage Assistance Program (HEMAP), a program that aids those in danger of mortgage foreclosure to save their homes.  The Notice also informed the Andrews that they had thirty days to pay the total amount past due to the lender, and that if the default went uncured, MERS intended to exercise its rights to accelerate the mortgage debt.  (Def's Mot. to Dismiss, Ex. C).

[4] A print-out version of the mortgage foreclosure judgment can be found as Exhibit B of Defendant's Motion to Dismiss (Doc. No. 2).  It can also be viewed online on the Civil Docket of the Philadelphia County Court of Common Pleas.  See http://fjdweb2.phila.gov/fjd/zk_fjd_public_qry_03.zp_dktrpt_frames?case_id=061202537

Plaintiffs claim jurisdiction under a number of statutes, including the Truth in Lending Act ("TILA"), 15 U.S.C. 1640(e), although Plaintiffs fail to include any claims under TILA in their complaint. Plaintiffs seek rescission of the mortgage, as well as actual, statutory and punitive damages, together with attorneys fees and costs.

### B. Procedural History

Plaintiffs filed their Complaint on February 22, 2007 (Doc. No. 1). Defendant MERS filed a Motion to Dismiss the Complaint against the Defendant (Doc. No. 2), contending a lack of subject matter jurisdiction and that Plaintiffs failed to state a claim for relief which may be granted. Plaintiffs filed a Response to the Motion to Dismiss (Doc. No. 6). Defendant MERS filed a Reply Memorandum in Further Support of the Motion to Dismiss (Doc. No. 14).

## II. Contentions

Defendant MERS moves to dismiss all claims against it, contending the Court lacks subject matter jurisdiction for these claims, as the claims are barred under the Rooker-Feldman doctrine and res judicata. Defendant also argues that Plaintiffs have failed to state a claim for relief, contending Plaintiffs have no right of rescission under either RESPA or TILA and that Plaintiffs did not provide sufficient material allegations in Count II to receive any damages under RESPA.

Plaintiffs contend that their claim for rescission is independent from the state foreclosure action, and thus not barred by the Rooker-Feldman doctrine or res judicata. Plaintiffs also contend that a claim for damages under RESPA is not barred by the judgment in the foreclosure action.

### III.  Legal Standards

#### A.  Jurisdiction

Plaintiffs contend this Court has jurisdiction under the Truth-in-Lending Act, 15 U.S.C. § 1635, et seq. ("TILA"), the Fair Housing Act, 42 U.S.C. § 3613(a), and related federal regulations, pursuant to 28 U.S.C. §§ 1331, 1337.  The existence of subject matter jurisdiction is at issue in this case, and is discussed, infra.

#### B.  Standards of Review

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  In deciding a Rule 12(b)(6) motion, a federal court may consider matters of public record and documents that form the basis of a claim in addition to the allegations and exhibits in the complaint.  Lum v. Bank of America, 361 F.3d 217, 222, fn. 3 (3d Cir. 2004).

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for

itself the merits of the jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (brackets omitted).

The Rooker-Feldman doctrine denies a federal district court of jurisdiction in certain circumstances involving review of a state court adjudication. The doctrine arose from two cases in which the Supreme Court concluded that federal courts do not have jurisdiction to review the judgments and decision of state courts.[5] This doctrine is narrowly tailored and only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Thus, the Rooker-Feldman doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004). A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication. ITT Corporation v. Intelnet International Corporation, 366 F.3d 205, 210 (3d Cir. 2004). A federal claim is "inextricably intertwined" with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment. Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004). The Court of Appeals for the Third Circuit has found that a plaintiff's claim effectively asking a federal district court to

---

[5] These cases are Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

negate a state court default judgment in a foreclosure action is barred by the Rooker-Feldman doctrine. In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005). Other Courts of Appeals as well as district courts have held the same. See Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1145-46 (10th Cir. 2004) (vacating the district court's summary judgment order because the "presence of a state court default judgment foreclosing on the mortgage ousts [the Court's] subject matter jurisdiction" under Rooker-Feldman); Smith v. Litton Loan Servicing, LP, 2005 W.L. 289927 (E.D.Pa. 2005) (at *7) (finding that the Rooker-Feldman doctrine prevented plaintiffs from appealing the state court's foreclosure ruling in federal court); Byrd v. Homecomings Financial Network, 407 F.Supp. 2d. 937, 943-44 (N.D. Ill. 2005) (holding the Rooker-Feldman doctrine barred mortgagor's RESPA and TILA claims, which sought to collaterally attack the state court's mortgage foreclosure judgment).

**IV.   Legal Discussion**

    **A.   Motion to Dismiss under Rule 12(b)(1)**

        1.   Jurisdiction Cannot Be Found Under TILA If Only Because Plaintiffs Did Not Allege it in Their Complaint

The Defendant argues that this Court should dismiss this case pursuant to Rule 12(b)(1) because the Plaintiffs have failed to plead any facts that would establish subject matter jurisdiction. The Plaintiffs contend that this Court has jurisdiction under the Truth-in-Lending Act, 15 U.S.C. § 1640(e), the Fair Housing Act, 42 U.S.C. § 3613(a) and federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337. (Compl. ¶ 3). While Plaintiffs cite TILA for jurisdiction, there are no counts under TILA in the Complaint. For this reason, this Court will not find jurisdiction under TILA.

### 2. As to RESPA, the Rooker-Feldman Doctrine Applies to the Default Judgment in the Philadelphia County Court of Common Pleas

There is only one federal claim in the complaint, citing the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2601. Under RESPA, the Plaintiffs ask for rescission of their loan, termination of any security interest in their property, return of any money given by them to Defendants, statutory damages, forfeiture and return of loan proceeds, actual damages, attorneys fees and punitive damages. (Compl. Count II).

The Plaintiffs' theory of jurisdiction is flawed in more ways than one.[6] A full discussion of the issues relating to subject matter jurisdiction is unnecessary, however. It is clear that this Court lacks subject matter jurisdiction over this action under the Rooker-Feldman doctrine.

The Plaintiffs only mention Defendant MERS by name in their complaint when they accurately state that MERS instituted an Action in Mortgage Foreclosure arising out of their failure to make their monthly payments. (Compl. ¶ 17). The action which forms the crux of Plaintiff's complaint against MERS - the default judgment in the foreclosure action against the Plaintiffs - occurred in the Philadelphia County Court of Common Pleas. As that default judgment serves as the final judgment of the state court, the case involving the foreclosure action is completed.

---

[6] For instance, RESPA does not provide the Plaintiffs with the relief they seek. Even if the Court accepts as true the contention that Plaintiffs sent Qualified Written Requests to the Defendant, Plaintiffs would still not be entitled to a rescission of their mortgage. Section 2605(f) of RESPA provides for liability for noncompliance with written requests, outlining the damages and costs noncompliance may bring. Rescission of the mortgage is not included in the list of possible measures of relief.

If a state court acted within its jurisdiction in making a decision that is later challenged, the judgment is not void but "merely left [] open to reversal or modification in an appropriate and timely appellate proceeding." Rooker, supra, at 415. If a constitutional question arose in the initial proceeding, it was the province and duty of the state court to decide it. Id. Federal district courts possess original, not appellate, jurisdiction, and it is outside this Court's powers to reverse or modify a state court's judgment. Exxon-Mobil Corp., supra, at 284.

On February 8, 2007, a default judgment of foreclosure was issued against the Andrews in the Philadelphia County Court of Common Pleas regarding the property at the subject of the present complaint. By seeking relief in this Court after their mortgage has been foreclosed, the Andrews are asking the Court to overturn the state court judgment. This the Court cannot do. The default judgment was a final determination by the state court and, therefore, this Court will not sit in judgment of the final determination made by the Philadelphia County Court of Common Pleas. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). If the Andrews would like to challenge the foreclosure, their only option would be to appeal to the appropriate Pennsylvania state court.[7]

---

[7] According to the Pennsylvania Rules of Appellate Procedure, a "notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa. R. App. P. 903. The Philadelphia County Court of Common Pleas entered its order on February 8, 2007. Thus, if Plaintiffs have not already filed an appeal in the proper state court, the thirty-day period to file a notice of appeal has lapsed. This appellate obstacle for the Plaintiffs in state court, however, does not grant this Court any more jurisdiction than it would otherwise already have. If the period for appeal to correct any errors in a state court judgment has expired, the "aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly" by pursuing relief in federal court. See Rooker, 263 U.S. at 416.

### B.      Motion to Dismiss under Rule 12(b)(6)

Even if this Court did have subject matter jurisdiction - as discussed <u>supra</u>, a fact not clear from Plaintiffs' complaint - the Court would still grant Defendant's Motion to Dismiss with respect to Count III of the Complaint pursuant to Rule 12(b)(6).

It is the duty of the Court to accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Federal Rule of Civil Procedure 9(b), however, requires particularity in pleading the "circumstances constituting fraud."  Thus, for a claim alleging fraud to survive a motion to dismiss, it must include more than general allegations. <u>See Lum v. Bank of America</u>, <u>supra</u>, at 223-24 (stating in an allegation of fraud, the plaintiff must plead with particularity "who made a misrepresentation to whom and the general content of the misrepresentation" in order to place the defendants on notice of the precise misconduct alleged).

The count of fraud in Plaintiffs' Complaint lacks sufficiently well-pleaded allegations to the degree necessary to meet the Rule 9(b) standard.  Plaintiffs contend that Defendants intentionally misrepresented and/or omitted material facts upon which Plaintiffs reasonably relied to their detriment.  (Compl. Count III).  Yet Plaintiffs fail to state which Defendants allegedly made these intentional misrepresentations and/or omissions.  There is no explanation or description in the Complaint of which material facts were misrepresented, nor are there any details as to how or when the Defendants made such misrepresentations or omissions to Plaintiffs.  Such generalities and legal conclusions concerning fraud are simply insufficient to survive a motion to dismiss under the pleading standards set forth in Rule 9(b).

**C.      Res Judicata**

Defendant MERS argues that res judicata prevents the Andrews from bringing these claims in this court.  This Court will defer discussion of the issue until a later time, when and if the Plaintiffs re-file a claim against Defendant which properly demonstrates the subject matter jurisdiction of this Court and states a claim for relief.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANEA ANDREW and ANTOINNE ANDREW : CIVIL ACTION

V. :

IVANHOE FINANCIAL, INC et al. : NO. 07-729

**ORDER**

AND NOW, this 28th day of September, 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that the Motion of Defendant Mortgage Electronic Registration Systems Inc. to Dismiss the Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 2) is GRANTED, and it is further ORDERED that the Complaint against Mortgage Electronic Registration Systems, Inc is DISMISSED WITHOUT PREJUDICE. If Plaintiffs want to file an Amended Complaint, they shall do so within fourteen (14) days.

BY THE COURT:

/s/ Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\Clare\Andrews v. Ivanhoe Financial\07-cv-729 Andrew v. Ivanhoe Order.wpd